UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MALIK ECEDRO BLYDEN,

                           Plaintiff,           Case # 19-cv-01643-FPG

v.                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

## INTRODUCTION

On July 20, 2016, Plaintiff Malik Ecedro Blyden protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). *See* Tr. 76.[1] The Social Security Administration ("SSA") denied his claim on September 30, 2016, and Plaintiff appeared at a hearing before Administrative Law Judge Paul Georger (the "ALJ") on August 28, 2018. Tr. 86-90; Tr. 23. At the hearing, Plaintiff appeared and testified along with Vocational Expert Timothy P. Janikowski. Tr. 23-70. On November 27, 2018, the ALJ issued an unfavorable decision. Tr. 11-19. The Appeals Council denied Plaintiff's request for review on October 7, 2019, making the ALJ's decision the final decision of the SSA. Tr. 1-3. Plaintiff then appealed to this Court.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] "Tr." Refers to the administrative record in this matter. ECF No. 6.

[2] This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383 (c)(3).

**LEGAL STANDARD**

## I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

2

**DISCUSSION**

I.    **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step

one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 6, 2016,

the alleged onset date.  Tr. 13.  At step two, the ALJ found that Plaintiff has the following severe

impairments:  rheumatoid arthritis, bicuspid aortic valve, aortic stenosis, and migraine headaches.

*Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of

impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 14-15.

The ALJ determined that Plaintiff maintained the RFC to perform a full range of sedentary work

because he can "lift and/or carry ten pounds occasionally and less than ten pounds frequently and

push and pull as much as he can lift and/or carry, sit for six hours in an eight hour work day, and

stand and/or walk for two hours in an eight hour work day."  Tr. 15.

In formulating the RFC, the ALJ discussed Plaintiff's hearing testimony, including that he

could sit and stand for only limited amounts of time, his discussion of volunteer time, recent

application for work in the community center's office, and discussion of various symptoms.  *See*

Tr. 17.  The ALJ noted, however, the various inconsistencies in Plaintiff's testimony in comparison

to his medical records.  *See id.*  Regarding the opinion evidence, the ALJ gave "reduced weight"

to the opinion of David Brauer, M.D., who examined Plaintiff in September 2016.  *Id.*  His opinion

was deemed well supported by the physical examination, but the overall opinion that Plaintiff had

no physical limitations was inconsistent with Plaintiff's care.  *Id.*  The ALJ gave the opinion of

Janine Ippolito, Psy.D., "substantial weight."  *Id.*  Dr. Ippolito examined Plaintiff in September

2016 and determined that Plaintiff had no limitations with respect to mental health, which was

found to be well supported by the medical evidence of record.  Tr. 17-18.  Finally, "substantial

weight" was given to the opinion of D. Bruno, Psy.D., who reviewed the Plaintiff's medical records and opined that Plaintiff had no severe mental impairments, consistent with the available medical records.  Tr. 18.

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, telephone solicitor, order clerk, and final assembler.  Tr. 18-19.  As such, the ALJ found that Plaintiff was not disabled.

## II.   Analysis

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ did not properly evaluate Plaintiff's "well-supported" subjective complaints—which indicate a need for unscheduled breaks throughout the workday—which Plaintiff argues, would ultimately be the difference between the ability to attain work and a finding of disability.  *See* ECF No. 9-1 at 6-11. This Court disagrees.

To assess Plaintiff's statements about pain and limitations, the ALJ must follow a two-step process.  First, the ALJ must consider whether the medical evidence shows any impairment that "could reasonably be expected to produce [the] symptoms, such as pain." 20 C.F.R. §§ 404.1529(b), 416.929(a).  If such an impairment is shown, the ALJ must evaluate the "intensity and persistence" of the Plaintiff's symptoms to determine the extent to which they limit his work capacity.  *Id.* at §§ 404.1529(c)(1), 416.929(c)(1).

"When an ALJ determines that a claimant's own statements regarding [his] symptoms are not supported by the record, that 'decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.'"  *Ferreira v. Berryhill*, 16 Civ. 6772 (RA) (AJP), 2017 WL 2398705,

at *8 (S.D.N.Y. June 2, 2017) (quoting SSR 16-3p, 2016 WL 1119029 at *9 (Mar. 16, 2016)),
*report & recommendation adopted by Ferreira v. Comm'r of Soc. Sec.*, 16-CV-6772 (RA), 2017
WL 4949842 (S.D.N.Y. Oct. 27, 2017).   This requires a more "holistic analysis" of Plaintiff's
symptoms and the available evidence.   *See id.*; *Acosta v. Colvin*, 15-CV-4051 (RLE), 2016 WL
6952338, at *18 (S.D.N.Y. Nov. 28, 2016).   Indeed, "when evaluating [Plaintiff's] symptom
intensity, '[t]he ALJ must consider the entire case record, including objective medical evidence,
[Plaintiff's] statements about the intensity, persistence, and limiting effects of symptoms,
statements and information provided by medical sources, and any other relevant evidence in
[Plaintiff's] record.'"   *Kearney v. Berryhill*, 1:16-cv-00652-MAT, 2018 WL 5776422, at *6
(W.D.N.Y. Nov. 2, 2018) (quoting *Vered v. Colvin*, No. 14-CV-4590(KAM), 2017 WL 639245,
at *15 (E.D.N.Y. Feb. 16, 2017)) (additional citations omitted).   This eliminates the focus of the
inquiry from concerning solely the "credibility" of Plaintiff and Plaintiff's character.   *Id.*; *see also
Ferreira*, 2017 WL 2398705 at *8.

Here, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the
alleged symptoms, but that Plaintiff's statements as to the intensity, persistence, and limiting
effects of his symptoms were "not entirely consistent with the medical evidence and other evidence
in the record."   Tr. 16.   Plaintiff argues that he suffers from severe episodic and unpredictable
impairments requiring off task time and unscheduled breaks in the workplace.   However, the ALJ
demonstrated that Plaintiff's subjective complaints were not consistent with the record as a whole.
While Plaintiff testified that he needs breaks when he is assisting his wife with various household
chores, Tr. 44-45, and experiences various symptoms like dizziness, shortness of breath, and
nausea "pretty often," which would require break time, Tr. 47-48, he also testified that he is able
to care for himself, Tr. 44, prepare basic meals like a sandwich or microwavable meal, *id.*, go out

shopping, Tr. 46, carry grocery bags into the house, Tr. 52, volunteer time teaching hour long courses on "Buffalo history and African history," Tr. 55-56, perform a normal work day's amount of research and writing in preparation for such courses, *id.*, remain involved in community organizations around the city, Tr. 47, 57, and get together with family and friends. Tr. 57. Plaintiff also testified that he had recently applied for a position in an office, which the ALJ found demonstrated Plaintiff's own belief that he was capable of sedentary type work. Tr. 18, 36.

This abundance of testimony regarding Plaintiff's typical symptoms and maintenance of daily activities without requiring numerous breaks demonstrates Plaintiff's ability to manage himself and his impairments. *See* Tr. 18. It was not improper for the ALJ to find that such testimony, in conjunction with the medical evidence of record, did not support Plaintiff's assertion that he would need constant breaks throughout the workday due to his allegedly severe symptoms. *See Freeman v. Comm'r of Soc. Sec.*, 17-CV-6862-FPG, 2018 WL 6605666, at *7-8 (Dec. 17, 2018) (affirming the ALJ's determination that plaintiff's subjective complaints did not support a disability finding where the ALJ compared the plaintiff's allegations to the treatment notes, objective evidence, and medical opinions of the record); *Kearney*, 2018 WL 5776422, at *6 (finding that plaintiff's statements were inconsistent with the overall evidence of the record where plaintiff complained of severe pain and significant limitations but no physical restrictions were recommended by plaintiff's doctor and imaging studies had resulted in normal findings); *Vered*, 2017 WL 639245, at *16 (finding that plaintiff's subjective testimony of his symptoms was not supported by the overall record of conservative care, lack of complaints to treating doctors, and various other conflicting statements by plaintiff). And while the credibility of Plaintiff is no longer the sole focus of this inquiry, an evaluation of the "[i]nconsistencies between [a plaintiff's] allegations and the level of ability suggested by reported activities" has indeed also been deemed

a proper consideration in the determination of credibility.  *Doty v. Comm'r of Soc. Sec.*, 1:16-CV-1276 (GTS), 2017 WL 4621630, at *8 (N.D.N.Y. Oct. 13, 2017) (citations omitted); *see also Rodriguez v. Comm'r of Soc. Sec.*, 15-cv-6628 (LDH), 2018 WL 10435163, at *1 (E.D.N.Y. Mar. 28, 2018) (finding the ALJ properly assessed plaintiff's credibility where the symptoms and limitations were  inconsistent with her own self-described activities); *Carroll v. Colvin*, 15-CV-189S, 2017 WL 64765, at *5 (W.D.N.Y. Jan. 6, 2017) (finding no error in an ALJ's credibility determination where the plaintiff's activities were inconsistent with a total disability finding).

Additionally, taken together, Plaintiff's treatment records do not support Plaintiff's inability to perform sedentary work, as the ALJ found.  The medical records demonstrate, contrary to Plaintiff's testimony, that Plaintiff regularly denied experiencing frequent symptoms such as dizziness, shortness of breath, and nausea to his medical providers.  *See* Tr. 221, 262, 265, 343, 358, 362, 367, 370, 398, 400.  He further denied experiencing other symptoms such as chest pain, fatigue, weakness, joint pain, gait disturbance, and vision changes.  *See* Tr. 221, 261, 265, 267, 357, 358, 362, 367, 370, 398, 400.   Plaintiff's medical records also demonstrate that his Cardiologist, Muzamil Rana, M.D., F.A.C.C., did not place any limitations on Plaintiff, but rather noted that if Plaintiff experiences shortness of breath, he should contact the doctor.  Tr. 222.  Plaintiff likewise did not take any medication for his heart condition nor did any doctors recommend specific treatments or actions concerning his heart issue.  *See* Tr. 43, 297-98.  The record is also devoid of any treatments for his alleged migraine issue, as noted by the ALJ.  *See* Tr. 17.  Again, it was not improper for the ALJ to rely on these inconsistencies in rendering his decision that Plaintiff was capable of sedentary work.  *See Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) (inconsistency between plaintiff's testimony regarding the severity of symptoms and treatment history regarding alleged symptoms weighed against a finding of disability); *Roman*

*v. Colvin*, 278 F. Supp. 3d 671, 677 (W.D.N.Y. 2017) (lack of treatment for various symptoms and lack of limitations or remarkable findings by doctors of such symptoms supported an allocation of less weight to plaintiff's testimony regarding severity of impairments); *see also Mahoney v. Apfel*, 48 F. Supp. 2d 237, 246 (E.D.N.Y. 1999) ("The ALJ is permitted to attach significance to plaintiff's failure to seek medical treatment.").

The record contains substantial support for the ALJ's finding that Plaintiff was capable of sedentary work, with restrictions, including Plaintiff's own testimony of his daily activities and lack of complaints to his treating doctors of the symptoms experienced.  Indeed, Plaintiff was able to maintain significant daily activities such as spending days researching and preparing to teach courses at the community center.  Based on the progress notes available, he rarely complained to his doctors of various symptoms and even applied to perform sedentary office work shortly before the hearing before the ALJ in this matter.  As such, it can hardly be said that the ALJ abused his discretion in determining that Plaintiff's testimony indicating a need for frequent breaks and off task time was not entirely credible, and that Plaintiff was not disabled under the requirements of the Act.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:  November 17, 2020
        Rochester, New York

                                           HON. FRANK P. GERACI, JR.
                                           Chief Judge
                                           United States District Court